Terry L. JONES, et al., Plaintiffs,

v.

UNITED STATES, et al., Defendants.

No. 4:CV92–3029.

United States District Court,
D. Nebraska.

March 7, 1995.

Robert B. Creager, Anderson, Creager & Wittstruck P.C., Lincoln, NE, for plaintiffs.

Thomas J. Monaghan, U.S. Atty., Sally R. Johnson, Asst. U.S. Atty., Lincoln, NE, Michael J. Salem, Gerald A. Role, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

KOPF, District Judge.

After certain agents of the United States obtained and executed a search warrant at the business premises of the plaintiffs, and the criminal investigation of the plaintiffs was dropped, Plaintiffs sued the United States, various agents of the government and private individuals. The basis of Plaintiffs' complaint was multi-faceted.

In *Jones v. United States*, 869 F.Supp. 747 (D.Neb.1994) (*Jones I* ), I determined, among other things, to dismiss Count V of the complaint regarding an allegedly false search warrant affidavit and related claims, without prejudice to the filing of an amended complaint. An amended complaint has now been filed, and the Internal Revenue Service (IRS) agents who are named as defendants have moved (Filing 113) for summary judgment on the basis of qualified immunity regarding the allegations of Count V.

I shall grant the motion for summary judgment.

## I.

In *Jones I* I granted the motion to dismiss Count V pursuant to Federal Rule of Civil Procedure 12(b)(6), but I gave the plaintiffs an opportunity to submit an amended complaint "alleging one or more constitutional torts involving clearly established law with sufficient precision so as to allow the defendants to formulate a motion for summary judgment on qualified-immunity grounds." *Jones I*, 869 F.Supp. at 759.

In the course of so ruling I made two related observations which provide a perspective for the discussion which will follow. I observed that in order to state a constitutional tort claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), read in light of the "heightened pleading" standard respecting "qualified immunity" set forth in *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985) (and its progeny), a complaint must:

(a) state a constitutional tort (not merely a tort) respecting a constitutional right which was clearly established at the time the defendant is alleged to have acted, and,

(b) state the facts with sufficient precision so as to place the defendant on notice of what the defendant is alleged to have done so that the defendant may, if appropriate, submit a motion for summary judgment on qualified immunity grounds.

*Jones I*, 869 F.Supp. at 750.

As earlier noted, Plaintiffs have filed their amended complaint. (Filing 101.) In the amended complaint Plaintiffs essentially complain about two different matters.

First, Plaintiffs complain that the affidavit in support of a search warrant submitted by Special Agent Stephen L. Tinsley (Tinsley) contained deliberate false statements or false statements made with reckless disregard for the truth, including statements which contained material omissions. (Filing 101 ¶ 50 generally, and as specified at ¶¶ 51–59.)

Second, Plaintiffs complain that in the process of executing the search warrant certain unnamed defendants knowingly seized documents and personal property not identified in the search warrant, including files and rec-

ords "beyond the time period described in the warrant." (Filing 101 ¶ 60.)

The IRS agents have filed their motion for summary judgment in response to the amended complaint. (Filing 113.) They argue two things.

Initially, Defendants argue that in many cases the amended complaint still fails to meet the "heightened pleading" standard, and therefore summary judgment should be entered for these defendants on qualified immunity grounds since there are no material facts in dispute which show that Defendants' conduct violated clearly established law.

Alternatively, Defendants argue that to the extent the amended complaint alleges specific facts, there is no evidence which supports the existence of the alleged facts and thus there are no material facts which are genuinely in dispute that would show Defendants' conduct violated clearly established law.

In support of their argument, Defendants have asked me to consider various declarations by individual IRS agents who are defendants. (See Filing 80.) These declarations constitute the declarations of A. Charles Vonderschmitt (Vonderschmitt) (Filing 84), the declaration of Tinsley (Filing 83), the declaration of Christie L. Stubbert (Stubbert) (Filing 82) and the declaration of Sandra Job–Rivera (Job–Rivera) (Filing 81). I shall consider those declarations.

The Plaintiffs, without explicitly saying so, refer to various depositions in their brief, and as a consequence I assume Plaintiffs request that I consider those depositions. I shall do so, and thus consider the deposition of Etricia Griggs (Griggs) (part of Filing 99), the deposition of Rick Lucchino (Lucchino) (part of Filing 99), the deposition of Gary Ernst (Ernst) (part of Filing 99) and the depositions of Tinsley (part of Filing 98). I shall also consider the affidavit of Terry L. Jones (Jones) (part of Filing 99) since it is mentioned in Plaintiffs' brief as well.

## II.

With the foregoing in mind, I now turn to the specific arguments of the parties. I first examine the allegations against all the IRS agents except Tinsley; I next examine the allegation against Tinsley contained in paragraph 60 of Count V dealing with the seizure of materials outside the scope of the warrant; and I finally examine the allegations against Tinsley regarding the search warrant affidavit.

### A.

Plaintiffs concede that "the evidence is insufficient to establish a *Bivens* claim against any of the Individual Defendants other than Tinsley." (Pls.' Br. Opp'n Mot. Summ. J. at 3.) Accordingly, I shall grant the motion for summary judgment finding that Vonderschmitt, Stubbert and Job–Rivera have qualified immunity from suit as to Count V.

### B.

■ All of the individual defendants (Filing 84 ¶ 17; Filing 82 ¶ 11; Filing 81 ¶ 7), including especially Tinsley (Filing 83 ¶ 14), deny that they took anything or caused anything to be taken that was not covered by the search warrant or a written consent. There is no counter evidence from Plaintiffs. Accordingly, assuming for the sake of argument that paragraph 60 of Count V meets the "heightened pleading" standard, it is undisputed that Defendants simply did not do what Plaintiffs claim. Accordingly, the motion for summary judgment will be granted, finding Tinsley has qualified immunity from suit regarding paragraph 60 of Count V.

### C.

I turn finally to the great bulk of Count V which regards only Tinsley and his authorship of the search warrant affidavit. I shall first set out the appropriate legal framework, and I then shall apply that framework to the complaint and the undisputed material facts.

#### 1.

First, it is important to realize that this matter comes to me on a motion for summary judgment. Tinsley has filed a sworn affidavit that *specifically* denies that he included anything in the search warrant affidavit that was "known to me to be false, unreliable, or otherwise less than sufficiently trustworthy to suggest the existence of lawful

probable cause for issuance of the search warrants applied for." (Filing 83 ¶ 5.) Tinsley also denies that he "misrepresent[ed], knowingly or otherwise, any of the information set forth in the affidavit in support of the search warrants." (*Id.*)[1]

In the context of a qualified immunity defense, where a motion for summary judgment has been filed by the defense, which is in turn supported by affidavits, "the relevant question" becomes "the objective (albeit fact-specific) question" of "whether a reasonable [defendant] could have believed [the challenged conduct] to be lawful, in light of clearly established law and the information the [defendant] possessed." *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). One asks: at the time of the incident are "[t]he contours of the right ... sufficiently clear that a reasonable official would understand *that what he is doing violates that right.*" *Id.* at 640, 107 S.Ct. at 3039 (emphasis added.) The defendant's "subjective beliefs" about his or her conduct "are irrelevant." *Id.* at 641, 107 S.Ct. at 3040.

As a result, the actual conduct of the defendant becomes critical to a proper analysis of the defense of qualified immunity. Thus, where a defendant asserts the defense of qualified immunity by making factual allegations regarding his or her conduct, the "[plaintiff] bears the burden of going beyond the allegations in his pleadings and coming forward with evidence establishing a genuine dispute [about the alleged wrongful conduct]." *Howard v. Suskie*, 26 F.3d 84, 87 (8th Cir.1994) (reversing district court's refusal to grant summary judgment on qualified immunity defense).

In sum, a defendant may escape liability for a constitutional tort on a motion for summary judgment if (a) there is no real factual dispute about what the defendant did, and (b) the factually undisputed conduct, viewed objectively, did not violate clearly established law at the time of the incident.

This is true whether the motivations of the defendant were good or bad.

Second, in order to apply the defense of qualified immunity, one must understand the substantive law as it existed at or about the time of the incident. I turn to that task now.

I have previously set forth in detail the substantive law regarding constitutional tort claims involving allegedly false search warrant affidavits. *Cole v. United States*, 874 F.Supp. 1011, 1022–24 (D.Neb.1995) (granting summary judgment in favor of FBI agents on qualified immunity grounds in face of claim that agents made untrue statements in search warrant affidavit.) The statement of the law in *Cole* is equally applicable here, and I shall thus summarize the law more fully discussed in *Cole*.

Claims like the ones in this case are predicated upon alleged violations of the Fourth Amendment and are specifically derived from the precepts of *Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676–77, 57 L.Ed.2d 667 (1978). In that case, the Supreme Court held that the Fourth Amendment is violated when a search warrant is issued upon an affidavit containing a falsehood, *if* three things are established: (1) a statement is included in an affidavit for search warrant which was in fact false; (2) either (a) the statement was deliberately made with knowledge of its falsity, or (b) the statement was made with reckless disregard of the truth; and, (3) the false statement was material—that is, without the false statement the affidavit fails to establish probable cause for the issuance of the warrant. *Cole*, slip. op. at 20 (citations omitted).

In determining whether these three elements exist, the following five caveats apply: (1) a negligent or innocent mistake is not enough; (2) a statement may be untrue because it is literally false, or because it contains omissions that render the statements false when viewed from the perspective of the judge who reviewed the search-warrant affidavit; (3) law enforcement officers cannot be expected to put everything

---

1. I also note that Tinsley has been extensively deposed. (Filing 98, Deps. of Tinsley dated April 15, 1994, and August 16, 1994.)

they know in a search warrant affidavit, and thus an omission is actionable only if it is designed to mislead or is made with reckless disregard of whether it would mislead; (4) it is normally not enough to prove reckless disregard from omitted information alone, except in those cases where the omitted information was clearly critical or amounted to flagrant police conduct; and (5) even a deliberate lie or reckless disregard for the truth is not enough if, considering the false statement, the search warrant affidavit as corrected would still have supported the existence of probable cause. *Cole,* slip. op. at 20–22 (citations omitted).

**2.**

I next apply the foregoing legal framework to the complaint[2] and the undisputed material facts. As a preliminary matter, I note that Plaintiffs' brief primarily attempts to defend the allegations of the amended complaint (Filing 101) at paragraphs 53 and 54 regarding the assertion that Tinsley misrepresented what certain confidential informants told him, making only passing reference to the remainder of the allegations of the complaint. (Pls.' Br. Opp'n Mot. Summ. J. at 3–7.)

■ Regarding paragraphs 51(a)–(f), 52, 55, 56, 57, 58 and 59 asserting various inaccuracies and omissions, I have carefully reviewed the claims, and assuming Plaintiffs are correct that the affidavit contains either inaccurate statements or omissions as alleged, I nevertheless conclude that the information or lack thereof was not material. No judge would have refused to issue the warrant had he or she known of the "truth" as Plaintiffs see the "truth." Moreover, there is no evidence to support a conclusion that Tinsley was aware that, in the case of literal falsehoods, the statements were untrue; that, in the case of omitted information, Tinsley was aware of the omitted information; or that if Tinsley was aware of the omitted information, a reasonable person would have believed the information was critical to the issuance of the warrant. Accordingly, the motion must be granted as to these allegations.

Lastly, I examine the paragraphs of the amended complaint, together with the evidence offered in support of and in opposition to the motion, that Plaintiffs most seriously argue entitle them to go forward. Paragraphs 53 and 54 allege that "no confidential informant ever told Tinsley" a wide variety of things which Tinsley attributed to confidential informants in the search warrant affidavit.

Plaintiffs assert in their brief, relying upon depositions of the persons thought to be the confidential informants, that "Ernst, Griggs and Luchinno [sic], do not support Tinsley['s] claim that they provided the information contained in the affidavit and attributed to them." (Pls.' Br. Opp'n Mot. Summ. J. at 5.)

If Plaintiffs' statement in the brief were true, a genuine and material set of facts would be disputed and would preclude summary judgment on qualified immunity grounds. This would be true since under *Franks* the well established law would not permit Tinsley to lie about what the confidential informants told him, particularly since much of the information attributed to the confidential informants was clearly material.

■ However, the difficulty with Plaintiffs' argument is that not only is there no evidence to support the claim, but the suspected[3] confidential informants *do not* contradict

**2.** The references in the text are to paragraphs in the amended complaint (Filing 101) and not to the search warrant affidavit, unless otherwise indicated. The search warrant affidavit is attached to the affidavit of Jones. (Part of Filing 99.)

**3.** As noted in *Jones I,* 869 F.Supp. at 749–50, both Judge Urbom and I have declined to require the government to identify the confidential informants. But Plaintiffs assert that they know who the informants are, and have been permitted to

depose them. To the extent that Plaintiffs object to Tinsley's affidavit because they claim they have been stopped in their efforts to discover the identity of the confidential informants, and thus it is unfair for Tinsley to deny that he misrepresented what the informants told him, I deny such objection. Neither *Franks* nor any law of which I am familiar requires the government to disclose the identity of a confidential informant without a substantial showing that the disclosure is necessary for a fair trial. In fact, the law is to the contrary. *See, e.g., United States v. Harrington,*

Tinsley. Rather, as Judge Urbom earlier observed (part of Filing 100), Lucchino, Ernst and Griggs professed no memory of what (if anything) they told Tinsley prior to the issuance of the search warrant. In no way did these witnesses contradict Tinsley.

Lucchino was deposed and repeatedly testified that he remembered nothing about what he told Tinsley. (Filing 99, Lucchino Dep. at 7:5–9:24.) For example, as to the understandably sarcastic question, "As far as you know this memory is gone and buried and can't be retrieved. Do you want to answer that for me?", Lucchino answered, "I don't remember." (*Id.* 9:18–22.) The deposition testimony of Griggs and Ernst was similarly uninformative. (Filing 99, Griggs Dep. at 27:2–15; Filing 99, Ernst Dep. at 6:11–15.)

While the credibility of these witnesses may indeed be open to challenge, such a credibility question hardly creates a factual dispute about whether *Tinsley* lied.[4] As a consequence, there simply is no factual basis whatever for arguing that Tinsley lied about what the informants told him.

Accordingly, assuming that paragraphs 53 and 54 adequately state a *Bivens* claim, there is no real factual dispute about what Tinsley did when the evidence on the motion is viewed in the light most favorable to Plaintiffs. Therefore, if Tinsley did not lie, he has qualified immunity (at least) since the law at the time was clear that negligence or mistake is not enough to constitute a constitutional tort in the search warrant affidavit context. Accordingly, the motion must be granted as to these allegations. For similar reasons, the generalized allegations along the same vein contained in paragraph 51(g) must fail.

### III.

All of the individual IRS agents have qualified immunity regarding the allegations of Count V. Accordingly,

951 F.2d 876, 877 (8th Cir.1991). Plaintiffs have not made such a showing. In any event, Plaintiffs believe they know who the informants are, the government has not denied Plaintiffs' suspicions and the Plaintiffs have been given a full opportunity to depose the suspected informants (naming two of them as defendants). Plaintiffs have thus not been unduly hampered in the search for the truth.

IT IS ORDERED that the motion for summary judgment (Filing 113) is granted as to defendants Tinsley, Vonderschmitt, Stubbert and Job–Rivera regarding Count V of the amended complaint on the grounds of qualified immunity.

4. Absent a strong showing that he doubted the statements, Tinsley can have no liability if the informants lied to him and he simply repeated their statements in the search warrant affidavit. *See, e.g., Cole,* 874 F.Supp. at 1031 (collecting authorities) (citations omitted). There is no such showing.