**Ronald A. MAHERS, Appellee,**

v.

**Charles HARPER; Ken Wittry; Ronald Welder; Paul W. Grossheim, Appellants.**

No. 92–1767.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 18, 1992.

Decided Dec. 27, 1993.

Rehearing Denied Feb. 1, 1994.

R. Andrew Humphrey, Asst. Atty. Gen., Des Moines, IA, argued, for appellants.

Robert D. Sharp, Des Moines, IA, argued, for appellee.

Before McMILLIAN, Circuit Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Ronald A. Mahers, a prisoner at the Iowa State Penitentiary (ISP), brought this civil rights action under 42 U.S.C. § 1983 (1988) alleging that defendants Charles Harper, Disciplinary Chairperson at ISP; Kenneth Wittry, Administrative Assistant at ISP; Ronald Welder, Executive Assistant at ISP; and Paul W. Grossheim, Deputy Director of Institutions at the Iowa Department of Corrections,[1] violated his due process rights by disciplining him under the wrong disciplinary rule. Defendants appeal from the District Court's denial of their motion for summary judgment on the ground of qualified immunity. We reverse.

In April 1985, Mahers was required by the appropriate prison officials to provide a urine sample for analysis, and the sample tested positive for marijuana. He was written up for a violation of Rule 9 of the disciplinary regulations at ISP. *Rules, Regulations and Disciplinary Procedures for the government of the Iowa State Penitentiary Inmates* ("the Blue Book"). Rule 9 is a class I offense for "Possession of Dangerous Contraband" and is violated "when the inmate possesses, uses, or has under the inmate's control or in the

inmate's custody an item defined as dangerous contraband." App. at 25. The Blue Book defines dangerous contraband as:

A firearm, knife, bludgeon or other weapon, device, instrument, material or substance, whether animate or inanimate, which is readily capable of causing or inducing fear of death or serious physical injury or any flammable substance or incendiary device. Includes altering of authorized property (such as razors) for purpose of weapon.

App. at 23.

At the disciplinary hearing, Mahers was found to have violated Rule 9 based on the positive urine analysis. He was punished with ten days of disciplinary detention, loss of sixteen days of good time, and fifteen days of administrative segregation. Mahers' appeals through administrative channels were denied.

In June 1986, Mahers filed this lawsuit, which was stayed until Mahers had exhausted his state court remedies. *See Offet v. Solem,* 823 F.2d 1256 (8th Cir.1987). Following the stay, Mahers filed an action for post-conviction relief in Lee County District Court in Iowa, alleging due process violations stemming from the disciplinary proceedings at ISP. The state court found that there was a due process violation because even though testing positive for marijuana is a violation of ISP rules, it does not fall within the definition of Rule 9. The court ordered Mahers' good time restored and his record expunged of this violation. No appeal was taken from the decision of the state court.

After the state court litigation ended, Mahers was given another prison disciplinary report based on the original urine sample and charged with violating Rule 29—"Being Intoxicated or Under the Influence." Rule 29 is violated when "the inmate uses or is found to be intoxicated or under the influence of drugs, dangerous drugs, and intoxicants." App. at 28. The Blue Book includes marijuana in its definition of dangerous drugs. App. at 23. Rules 9 and 29 are both class I offenses; Mahers was found to have violated

---

1. Crispus Nix, Warden at ISP, also was named as a defendant. The District Court granted summary judgment in favor of Nix and dismissed him from the case. Mahers does not appeal Nix's dismissal.

Rule 29 and sanctions were imposed identical to those imposed on the Rule 9 violation, with credit for time served on the Rule 9 violation.

The stay of this action having been lifted upon the District Court's determination that Mahers had exhausted his state court remedies, Mahers filed a motion for summary judgment and defendants responded with a cross-motion for summary judgment on the ground, *inter alia*, of qualified immunity.[2] The District Court granted Mahers' motion and denied defendants' cross-motion. This appeal followed.

■■■ Initially, we note that this Court has jurisdiction over this appeal. A denial of a motion for summary judgment is not a final judgment, and therefore it ordinarily is not appealable. *Wright v. South Ark. Regional Health Ctr., Inc.*, 800 F.2d 199, 202 (8th Cir.1986). In *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), however, the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." This exception exists because qualified immunity provides "*immunity from suit* rather than a mere defense to liability, and ... is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526, 105 S.Ct. at 2815. Qualified immunity is an affirmative defense, so defendants have the burden of pleading and proving the defense. *Harris v. Pirch*, 677 F.2d 681, 686 (8th Cir. 1982).

■■■ Generally, prison officials may rely on the defense of qualified immunity to protect them from liability for civil damages. *Brown v. Frey*, 889 F.2d 159, 165 (8th Cir. 1989), *cert. denied*, 493 U.S. 1088, 110 S.Ct. 1156, 107 L.Ed.2d 1059 (1990). In *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the Supreme Court held that, in order for officials to lose their qualified immunity, their conduct must violate "clearly established statutory or con-

stitutional rights of which a reasonable person would have known." In order for a person to have a clearly established right, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). The test "focuses on the objective legal reasonableness of an official's acts." *Harlow*, 457 U.S. at 819, 102 S.Ct. at 2738.

The District Court concluded that defendants were not entitled to qualified immunity because it was not reasonable for defendants to believe that a positive urine test gave rise to a Rule 9 violation—possession of dangerous contraband. Furthermore, based on the state court opinion, the District Court found that defendants were bound by the doctrine of issue preclusion from relitigating the issue of whether disciplining Mahers under Rule 9 violated his due process rights. *Mahers v. Nix*, No. 86–CV–50408 (S.D.Iowa March 3, 1992).

■■■ Defendants argue that even if the due process violation found by the state court is taken as a given, the right violated was not clearly established, and therefore they are entitled to qualified immunity. We agree.

In *Anderson*, the Court cautioned against abusing the rule in *Harlow* by framing the right that was allegedly violated too generally. The Court reasoned that if the test of "'clearly established law'" is too generalized, it will bear no relationship to the "'objective legal reasonableness'" standard that is the "touchstone" of *Harlow*. *Anderson* 483 U.S. at 639, 107 S.Ct. at 3038. Applying the *Harlow–Anderson* test to the specific facts of this case, we must decide whether Mahers had a clearly established right not to have defendants charge and discipline him under Rule 9. We conclude that defendants did not violate any of Mahers' "clearly established rights" when Mahers tested positive for marijuana, a clear violation of ISP rules, and defendants charged and disciplined him under Rule 9. Defendants' reading of Rule 9 as covering marijuana violations was not ob-

---

**2.** Because of the injunctive relief obtained in the state-court litigation, Mahers' federal action was

reduced to one for damages only.

jectively unreasonable, even though a reviewing court may disagree with that reading. At the time defendants charged Mahers with the Rule 9 violation, there was not yet a judicial decision that could have alerted them to the inapplicability of Rule 9 to an inmate charged on the basis of having tested positive for marijuana. Moreover, defendants' reading of Rule 9 is not implausible; we find it less than clear that an inmate who uses marijuana is not guilty of possession of dangerous contraband within the purview of the rule. We are mindful that

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.

*Superintendent v. Hill,* 472 U.S. 445, 456, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985) (citation omitted). Mahers' use of marijuana was a violation of the prison rules and warranted punishment. Rule 9 arguably covered the case, and both Rule 9 and Rule 29 are Class I offenses punishable, and here punished, by the same sanctions. In proceeding under Rule 9, defendants acted in an objectively reasonable manner, and they did not violate any clearly established constitutional right. They are entitled to qualified immunity.

The judgment of the District Court is reversed. The case is remanded with directions that defendants' motion for summary judgment on the basis of qualified immunity be granted and the case dismissed.