Rogers L. MCKINLEY, Plaintiff–Appellant,

v.

James BOWLEN, Warden; Jerry W. Haston, Job Coordinator; William A. Lewis, Associate Warden; James H. Debord, Tri–Cor Industries Plant Supervisor; Janice Hoff, Job Specialist; Donita Moore, Grievance Chairperson; Roberta O'Neal, R.N.; Kim S. Simmons, R.N.; Lyall Craft, P.A.; Nancy Cagle, Hospital Administrator; Varian Howard, Correctional Officer; Jim H. Rose, Assistant Commissioner; Donal Campbell, Commissioner, Defendants–Appellees,

Ronnie Oakes, Unit Manager; Tri–
Cor Industries, Officers and
Directors, Defendants.

No. 00–6344.

United States Court of Appeals,
Sixth Circuit.

May 1, 2001.

Before BOGGS and CLAY, Circuit Judges; GWIN, District Judge.*

## ORDER

Rogers L. McKinley appeals a district court order granting summary judgment for the defendants in his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, McKinley sued numerous Tennessee correctional officials and personnel, alleging that the defendants improperly denied him a prison job, convicted him of a disciplinary violation, placed him on medical restrictions, discriminated against him because of his race, and conspired against him. He also alleged that the defendants violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132. The district court concluded that McKinley's claims were without merit and granted summary judgment for the defendants. The court subsequently denied McKinley's motion for reconsideration. In this timely appeal, McKinley moves for the appointment of counsel.

■ Upon review, we conclude that the district court properly granted summary judgment for the defendants. This court renders de novo review of a district court order granting summary judgment. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.,* 205 F.3d 912, 914 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* The mere existence of a scintilla of evidence to support the plaintiff's position will be insufficient; rather, evidence must exist on which the jury can reasonably find in favor of the plaintiff. *Morris v. Oldham County Fiscal Court,* 201 F.3d 784, 788 (6th Cir. 2000).

■ The defendants have shown an absence of evidence to support McKinley's ADA claim. The ADA prohibits an employer from discriminating against an otherwise qualified individual on the basis of a disability in regards to employment terms, conditions, and privileges. 42 U.S.C. § 12112(a). The ADA applies to state prisoners. *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 212, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). In order to establish a prima facie case of disability discrimination, the employee must prove that he:

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

1) is disabled; 2) is otherwise qualified for the position despite the disability; and 3) was subjected to an adverse employment decision because of the disability. *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1176 (6th Cir.1996). Under the ADA, "disability" means a physical or mental impairment that substantially limits one or more major life activities. *McKay v. Toyota Motor Mfg., U.S.A., Inc.*, 110 F.3d 369, 371 (6th Cir.1997). An impairment that disqualifies a person from only a narrow range of jobs is not considered substantially limiting. *Id.* at 373. Further, an individual is not substantially limited merely because he cannot work the job of his choice. *Id.* at 373–74. The defendants' evidence reflects that McKinley was not substantially limited in one or more major life activities and McKinley has not presented significant probative evidence establishing a genuine issue of material fact.

■ McKinley also argues that the defendants violated his constitutional rights by not assigning him to the position of sewing machine operator. However, McKinley has no constitutional right to prison employment or a particular prison job. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989).

■ McKinley next argues that the defendants violated his Eighth Amendment rights by placing the medical restrictions on him which precluded his assignment to the sewing machine position. To establish a violation of his Eighth Amendment rights resulting from his medical care, McKinley must show that prison officials were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir.1994). Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief, *Estelle*, 429 U.S. at 105–06, 97 S.Ct. 285,

and a prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107, 97 S.Ct. 285. McKinley's claim merely reflects a difference of opinion with the diagnosis provided by medical personnel and is insufficient to state a claim for a violation of his Eighth Amendment rights.

■ McKinley argues that the defendants violated his due process rights by convicting him of a disciplinary violation. McKinley was convicted of refusing a direct order and placed in disciplinary segregation. McKinley has no liberty interest in remaining free of disciplinary segregation because such segregation does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.1997).

■ McKinley also argues that his disciplinary conviction was in retaliation for filing past grievances. A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus–X v. Blatter*, 175 F.3d 378, 388 (6th Cir.1999) (en banc). A retaliation claim has three elements: 1) the prisoner engaged in protected conduct; 2) an adverse action was taken against the prisoner that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) a causal connection exists between the first two elements, i.e., the prisoner's protected conduct motivated at least in part the adverse action. *Id.* at 394. McKinley has failed to establish that a causal connection exists between the adverse action and any protected conduct because the finding that McKinley was guilty of the disciplinary offense satisfies the defendants' burden of showing that

they would have brought the conduct charges against McKinley regardless of his prior grievances. *Hynes v. Squillace,* 143 F.3d 653, 657 (2d Cir.1998); *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994).

██ Lastly, McKinley's claims that the defendants conspired against him and discriminated against him because of his race are without merit. His vague and conclusory allegations of a conspiracy and discriminatory conduct are not sufficient to state a claim under § 1983. *Kensu v. Haigh,* 87 F.3d 172, 175–76 (6th Cir.1996).

Accordingly, this court denies McKinley's motion for the appointment of counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.