

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Romansky v. Stickman

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3036

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Romansky v. Stickman" (2005). *2005 Decisions.* Paper 530.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/530

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3036
_____

STEVEN L. ROMANSKY,

Appellant

v.

WILLIAM S. STICKMAN, Superintendent;
SHARON L. D'ELETTO, Superintendent's Assistant;
JEFFREY A. MARTIN, Captain/Unit Manager;
SHARON A. SEBEK, Librarian

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Civ. No. 03-cv-01053)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
AUGUST 5, 2005

Before:  ALITO, SMITH AND COWEN,  Circuit Judges.

(Filed: September 19, 2005)

_____

OPINION

_____

PER CURIAM

Steven Romansky, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action against prison officials and employees. We will affirm the District Court's order.

In his complaint, Romansky alleges that he tried to file a habeas petition in District Court, and the Clerk returned it to him because he did not provide the required number of copies. Romansky states he submitted a request to prison employees looking for an alternative to file his petition, but they returned it, stating that the policy for indigent inmates did not apply to his filing. He filed a grievance, which was denied.

Romansky further alleges that after he told a prison employee that he did not receive a copy of his grievance, he received a misconduct charging him with lying. A hearing examiner dismissed the charge without prejudice. Although the facts are unclear, the same employee then issued another misconduct containing the same charges. At the second hearing, the examiner found Romansky guilty, and imposed a sanction of punitive segregation.

Romansky submitted additional requests for copies of his grievance and his misconducts, and documents related to his grievance appeals, but did not receive them. He filed a second grievance alleging denial of access to the courts and the grievance system, and retaliation. Prison officials responded that these issues were already

2

addressed. Romansky filed a third grievance after the library refused to copy documents for another lawsuit, and officials responded that copies are not free of charge.

Romansky claims the defendants violated his constitutional right to access to the courts, and retaliated against him for attempting to litigate and for filing grievances. The District Court adopted the Magistrate Judge's recommendation to dismiss the complaint under the screening provisions of the Prison Litigation Reform Act for failure to state a claim upon which relief can be granted. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In recommending the dismissal of Romansky's access to courts claim, the Magistrate Judge correctly stated that Romansky failed to allege that the habeas petition that he was unable to file was nonfrivolous, identify the underlying cause of action, and plead that his claim would provide a remedy that could not otherwise be obtained. See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (requiring such allegations to state an access to courts claim). As noted by the Magistrate Judge, Christopher requires that "the predicate claim be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id. at 416. Romansky has not made this showing.

We also agree with the District Court that Romansky does not state a First Amendment claim based upon his allegations that the defendants interfered with, or did

3

not respond to, his grievances. Romansky's access to the District Court satisfies his right to petition the government. See Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding the invocation of the judicial process indicated that the prison had not infringed the prisoner's First Amendment rights). In addition, in light of the fact that he was found guilty of misconduct, Romansky does not state a retaliation claim based upon his receipt of a misconduct after he told a prison employee that a copy of his grievance was lost. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (stating that a finding that a prisoner violated the rules checkmates his retaliation claim).

Romansky argues in his brief that he states an Eighth Amendment claim because he must write everything he files with the courts, causing eye strain and paralysis in his hand, and he must sell his meals to afford legal supplies. We agree with the District Court that Romansky does not state such a claim because he has not been deprived of the minimal civilized measure of life's necessities. See Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 417-18 (3d Cir. 2000). We also reject Romansky's argument that he states a claim for oppression under 18 Pa. Cons. Stat. § 5301 because he did not include this claim in his complaint. Finally, the District Court did not abuse its discretion in denying Romansky's motion for appointment of counsel.

Accordingly, we will affirm the order of the District Court.