# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1581

_____

Richard Alan Davis,                             *
                                                *
            Appellant,                          *
                                                *
      v.                                        *  Appeal from the United States
                                                *  District Court for the
Philip Baughman, Sgt., Maximum                  *  Eastern District of Arkansas.
Security Unit, ADC; Justine M. Minor,           *
Disciplinary Hearing Officer, ADC;              *  [UNPUBLISHED]
James Gibson, Disciplinary Hearing              *
Administrator, ADC; Larry Norris,               *
Director, ADC; David White, Warden,             *
Maximum Security Unit, ADC; Larry               *
May, Deputy Assistant Director, ADC;            *
Willie Taylor, CO-Maximum Security              *
Unit, ADC; Faron Clemmons,                      *
CO-Maximum Security Unit, ADC;                  *
Billy Ray Smith, Inmate, Maximum                *
Security Unit, ADC,                             *
                                                *
            Appellees.                          *

_____

Submitted: January 31, 2008
Filed:  February 5, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Richard Alan Davis appeals the district court's[1] grant of summary judgment to defendants Philip Baughman and Justine M. Minor in his 42 U.S.C. § 1983 action.[2] Davis claimed that Baughman violated his constitutional rights by harassing him and filing a false disciplinary charge against him in retaliation for Davis's cooperation in an internal investigation, and that Minor violated his due process and equal protection rights by convicting him of the false charge in a biased hearing and by failing to list or explain the evidence she relied on in making her decision.

Based upon our consideration of Davis's arguments for reversal and our de novo review of the record, see Anderson v. Larson, 327 F.3d 762, 767 (8th Cir. 2003), we conclude that summary judgment was proper. We agree with the district court that Davis's claims against Minor were barred under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because he had not successfully challenged his disciplinary conviction in state court, and a favorable decision would necessarily imply the invalidity of his resulting loss of good time credits and, hence, the length of his confinement. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (state prisoner's § 1983 action is barred if success in action would invalidate confinement or its duration (not previously invalidated), no matter if prisoner attacks conviction or internal prison proceeding or seeks damages or equitable relief). Further, Davis's equal protection claim failed because he did not allege how he was treated differently from other similarly situated persons. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 984 (8th Cir. 2004) (to succeed on equal protection claim, inmate must show he is treated differently than similarly situated class of inmates). Finally, we conclude that Davis's

---

[1]The Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Davis has not challenged on appeal the pre-service dismissal of the other seven named defendants.

retaliatory discipline claims against Baughman failed because his conviction of the disciplinary charge was supported by "some evidence." See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (prisoner's claim of retaliatory discipline failed because disciplinary committee's finding that he violated prison rules was based on guard's description of event, which constituted "some evidence" of actual violation); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam) (statements in prison officer's written disciplinary report of alleged sexual assault reciting victim's statements constituted "some evidence" to support rule violation even though officer did not witness violation).

The judgment is affirmed.  See 8th Cir. R. 47B.

_____