NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1173n.06

No. 12-1282

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Nov 09, 2012*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WAYMAN PATTERSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| PAUL GODWARD, Correctional Officer; | ) | MICHIGAN |
| STAN FREDRICKSON, Residential Unit | ) | |
| Officer; ROBERT MAJURIN, SR.; JAMES | ) | |
| R. LOVELESS, Residential Unit Officer; | ) | |
| LINDA TRIBLEY, Deputy Warden; GREG | ) | |
| MCQUIGGIN, Warden; RICK WERTANEN, | ) | |
| Resident Unit Officer; ROBERT MAJURIN, | ) | |
| JR., Correctional Officer; PETE ISAACSON, | ) | |
| Correctional Officer ; BRANDON | ) | |
| SWEENEY, Area Resident Unit Supervisor - | ) | |
| all sued in their individual capacities, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Wayman Patterson, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983.

After amending his complaint, Patterson asserted claims against Warden Greg McQuiggin; Deputy Warden Linda Tribley; Area Resident Unit Supervisor Brandon Sweeney; Resident Unit Officers Stan Fredrickson, James Loveless, Robert Majurin, Sr., and Rick Wertanen; and Corrections Officers Paul Godward, Robert Majurin, Jr., and Pete Isaacson, alleging that the defendants violated his First, Eighth, and Fourteenth Amendment rights during his incarceration at the Baraga

Correctional Facility. He asserted that on several occasions, the defendants falsified misconduct reports against him in retaliation for his filing grievances or threatening to do so. As a result, he was punished with food-loaf restrictions, segregation, and limits on his access to the law library. Patterson claimed that the segregation and food-loaf restrictions violated his Eighth Amendment rights. He also claimed that he was treated differently as an African-American in violation of the Fourteenth Amendment's Equal Protection Clause. The district court granted summary judgment to all the defendants.

The district court's judgment is reviewed de novo. *Lockett v. Suardini*, 526 F.3d 866, 872 (6th Cir. 2008). To establish a claim of retaliation, a plaintiff must show that:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "If the prisoner can show that the defendants' adverse action was at least partially motivated by the prisoner's protected conduct, then the burden shifts to the defendants to show that they would have taken the same action even absent such protected conduct." *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010).

The district court found that Patterson failed to make "any specific factual allegations showing that Defendants McQuiggin or Tribley directly participated in the offensive conduct in any way." Patterson, however, points to documents showing that Tribley signed off on the food-loaf restriction and that both Tribley and McQuiggin approved the segregation classifications. Nevertheless, Patterson "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). He has failed to identify any evidence that would tend to show a causal connection between any protected conduct and the imposition of the food-loaf restriction or segregation classification. The fact that Patterson had named McQuiggin and Tribley in grievances

and lawsuits is insufficient to show a causal connection. *See Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim."). Thus, the district court properly dismissed Patterson's claims against McQuiggin and Tribley.

The district court correctly found that Loveless, Godward, Fredrickson, Wertanen, and Majurin, Sr., were entitled to summary judgment for their filing of misconduct tickets against Patterson because Patterson was ultimately found guilty of the charged misconduct. A finding of guilt based upon some evidence of a violation of prison rules "essentially checkmates [a] retaliation claim." *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994).

With respect to Majurin, Jr., and Isaacson, the district court found that Patterson failed to show any causal connection between his filing of the instant lawsuit and their misconduct tickets. The misconduct tickets were written in August 2008, less than thirty days after Patterson appealed the district court's initial decision dismissing his claims for failure to state a claim. Yet Majurin, Jr., and Isaacson were not served with the complaint until almost two years later. Patterson failed to demonstrate that Majurin, Jr., and Isaacson had any knowledge of his protected conduct. Patterson's conclusory allegations are insufficient to show a retaliatory motive." *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172, 175–76 (6th Cir. 1996). Thus, Majurin, Jr., and Isaacson were entitled to summary judgment.

The district court also did not err in granting summary judgment to Sweeney, who Patterson alleged retaliated against him by not processing his attorney's telephone number on the prison telephone list. Sweeney asserted that when Patterson made the request, Patterson was in administrative segregation, during which the attorney must schedule any call with the prisoner. Moreover, Sweeney complied with the prison policy, requiring confirmation of the attorney's Michigan bar number. Sweeney was unable to confirm the bar number for Patterson's attorney, who was licensed out of state. Thus, Patterson did not establish any adverse action and failed to

demonstrate any causal connection between his protected conduct and Sweeney not processing the telephone number.

The district court's judgment is affirmed.