Charles LEWIS, Plaintiff–Appellant,

v.

Jimmy TURNER, Warden, et al.,
Defendants–Appellees.

No. 00–4049.

United States Court of Appeals,
Sixth Circuit.

June 7, 2001.

Before KEITH, SILER, and CLAY,
Circuit Judges.

## ORDER

This former Ohio state prisoner appeals a district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Charles Lewis sued the Northeast Ohio Correctional Center (NOCC), former NOCC

Warden Jimmy Turner, current NOCC Warden Brian Gardner, Sgt. Protain, Corrections Officer A. Valentino, and Corrections Officer Smith in their official and individual capacities. Lewis claimed that: 1) the defendants denied him adequate medical treatment; 2) the defendants destroyed his personal property in retaliation for his filing a grievance; and 3) the defendants denied him procedural due process in a prison disciplinary proceeding. The district court dismissed Lewis's complaint pursuant to 28 U.S.C. § 1915(e).

In his timely appeal, Lewis reasserts the claims that he set forth in the district court.

This court reviews de novo a judgment dismissing a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998).

Lewis is a diabetic who, on June 15, 1999, refused to leave his cell for "insulin call' and began to use profanity. Lewis received a disciplinary report as a result of this incident. At a disciplinary hearing on June 23, 1999, Lewis was found guilty of threatening a corrections officer and defying a direct order. On March 5, 2000, Lewis was transferred from NOCC to the Torrance County Detention Center, in Estancia, New Mexico. He claims that he was denied insulin for two days while traveling to New Mexico. He also claims that some of his personal property was lost or damaged in the move, in retaliation for his

filing a grievance to challenge his disciplinary conviction of June 23, 1999.

■ Upon review, we conclude that the district court properly dismissed the claims against the former and current wardens of the NOCC because Lewis did not sufficiently allege that the defendants had any direct involvement in the asserted violation of Lewis's federally protected rights. Such wholly conclusory allegations are insufficient to state a cognizable claim for relief. *See Chapman v.. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986). Additionally, the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability to supervisory personnel, *see Monell v. Dep't of Social Servs. of New York,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Lewis made no such showing with regard to Turner and Gardner.

■ The district court also properly dismissed Lewis's claim that the defendants denied him adequate medical treatment. He claims that he was denied insulin for two days while traveling to New Mexico. Prison authorities may be sued for deliberate indifference to the serious medical needs of the prisoners under the Eighth Amendment as such indifference constitutes the unnecessary and wanton infliction of pain. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). An inmate, like Lewis, who complains that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed in proving his claim. *See Napier v. Madison County,* 238 F.3d 739, 742–43 (6th Cir.2001). Lewis did not place any such

verifying medical evidence in the record, and thus did not sufficiently allege that he was detrimentally affected by the two-day delay in receiving insulin.

Moreover, to the extent that Lewis claims that the defendants delayed his medical treatment in retaliation for him filing a grievance, the district court properly dismissed the claim. To state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States, and 2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. v. Brooks,* 436 U.S. 149, 155–57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). The district court properly dismissed this claim because Lewis did not sufficiently allege facts which reasonably associate any of the defendants to the deprivation of Lewis's medication while he was in transit to New Mexico.

■ The district court properly dismissed Lewis's claim that the defendants destroyed his personal property in retaliation for his filing a grievance. Lewis claims that some of his personal property was lost or damaged in the move from NOCC to the New Mexico prison facility in retaliation for his filing a grievance to challenge a prison disciplinary conviction. A retaliation claim has three elements: 1) the plaintiff engaged in protected conduct; 2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) there was a causal connection between elements one and two, i.e., the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc). The plaintiff has the burden of proving all three elements. Thus, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Even if we assume, without deciding, that Lewis satisfied the first two elements listed above, he has failed to allege sufficient facts that establish the third. He has done nothing more than simply allege retaliation without establishing a causal connection. *See Thaddeus–X,* 175 F.3d at 399–400. Moreover, the record in this case reveals that Lewis was convicted of a prison disciplinary charge, and that charge withstood his appeals. A finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim. *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994).

Finally, we conclude that the district court properly dismissed Lewis's third claim because the claim is not cognizable under § 1983. *See Edwards v. Balisok,* 520 U.S. 641, 645–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Huey v. Stine,* 230 F.3d 226, 230 (6th Cir.2000).

Accordingly, the district court's judgment is affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.