**Luis RUIZ, Plaintiff–Appellant,**

v.

**Barbara BOUCHARD, et al.,
Defendants–Appellees.**

No. 02–1962.

United States Court of Appeals,
Sixth Circuit.

March 19, 2003.

Before CLAY and ROGERS, Circuit

Judges; and COFFMAN, District Judge.*

### ORDER

Luis Ruiz, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Ruiz sued the Warden (Bouchard) of the Alger Maximum Correctional Facility (AMCF), a Resident Unit Manager (Beaumon) at AMCF, and an AMCF Case Manager (Gerth). Ruiz claimed that: 1) defendant Gerth denied him access to the courts; 2) defendant Gerth confiscated grievances filed against her; 3) defendant Gerth denied him an opportunity for a scheduled parole interview; 4) his right to send and receive mail (both personal and legal) was violated; 5) he was retaliated against for pursuing his rights when he was convicted of various false misconduct tickets; 6) defendant Bouchard refused to intervene on his behalf when Ruiz informed her of the misconduct of her subordinates; and 7) defendant Beaumon refused to intervene when Gerth refused to give him paper for his legal work. Upon review, the district court concluded that Ruiz did not a state a claim upon which relief could be granted concerning his claims numbered 1, 5, 6, and 7 above. Hence, it dismissed the complaint. However, the court did not specifically address his remaining claims. Ruiz has filed a timely appeal, essentially reasserting his claims.

■ Upon review, we conclude that Ruiz's claims numbered 2–4 above were properly subject to dismissal because he did not establish that he exhausted his administrative remedies with respect to these claims. *See* 42 U.S.C. § 1997e(a); *Brown v. Toombs,* 139 F.3d 1102, 1103–04 (6th Cir.1998). Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* Although money damages may not be available through the prison grievance process, Ruiz must still exhaust these state remedies because the prison has an administrative system that will review his complaints. *Booth v. Churner,* 532 U.S. 731, 740–41, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Ruiz did not attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs,* 215 F.3d 640, 642 (6th Cir.2000).

We also conclude that the district court properly dismissed Ruiz's remaining claims, despite the lack of exhaustion, because they fail to state a claim upon which relief may be granted. *See* 42 U.S.C. § 1997e(c)(1), (2); *Brown,* 139 F.3d at 1104.

■ This court reviews de novo a district court's decision to dismiss under 28 U.S.C. § 1915(e)(2) and 1915A. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). First, Ruiz did not state a claim for denial of access to the courts because he did not allege that the defendants' conduct resulted in the loss of a non-frivolous legal claim challenging his conviction or conditions of confinement, or that the defendants' conduct is currently preventing him

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

from presenting a non-frivolous claim. *See Lewis v. Casey,* 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

 Second, Ruiz did not state a viable retaliation claim concerning his prior misconduct convictions. Ruiz cannot use § 1983 to collaterally attack his prior misconduct convictions because he has not established that the convictions have been reversed or expunged. *See Edwards v. Balisok,* 520 U.S. 641, 647–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Huey v. Stine,* 230 F.3d 226, 230–31 (6th Cir.2000). Furthermore, to the extent that Ruiz has asserted a pure retaliation claim, Ruiz still has not stated a claim because he was convicted of the misconduct charges. *See Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994).

█ Finally, Ruiz did not state a claim against defendants Bouchard and Beaumon because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Social Servs. of New York,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). Ruiz did not allege that these defendants participated in or authorized the challenged conduct.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.