**Solomon PACHTINGER, Appellant**

v.

**Jeff GRONDOLSKY.**

**No. 09–2543.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 23, 2009.

Opinion filed: July 28, 2009.

---

Solomon Pachtinger, Fort Dix, NJ, pro se.

James B. Clark, III, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Before: RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

## OPINION

PER CURIAM.

Solomon Pachtinger appeals from an order of the United States District Court for the District of New Jersey, which denied his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment. *See* Third Cir. LAR 27.4; I.O.P. 10.6.

## I.

Pachtinger filed his § 2241 petition to challenge a finding that he violated prison rules, and to challenge the resulting loss of

27 days good conduct time ("GCT"). The parties are already familiar with the facts of this case. Therefore, we limit our discussion to those facts essential to our decision.

Pachtinger's disciplinary sanction was based on an incident on November 3, 2007. Officer R. Seigerman reported that she observed Pachtinger lying on his top bunk under the sheets with his arms spread out at his sides, and observed Pachtinger's cellmate, Inmate Boutilier, on the top bunk, in a fetal position, near Pachtinger's groin. When confronted, both men stated that they were just "pranking." Pachtinger was charged with a violation of a prison rule, Code 205, Engaging in a Sexual Act. After a hearing, Pachtinger was found to have violated "Prohibited Act 299–Conduct which Disrupts or Interferes with the Orderly Running of the Institution Most like Code 205–Engaging in a Sexual Act." Disciplinary Hearing Officer ("DHO") Report at Section V. He was sanctioned with 21 days in disciplinary segregation, three months loss of visitation privileges and disallowance of 27 days GCT.

After completing administrative appeals, Pachtinger filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241. Therein, he claimed that his disciplinary hearing was constitutionally infirm for want of due process, that there was insufficient evidence to support the disciplinary sanctions, and that the incident report was issued against him in retaliation for his prior complaint against a correctional officer. The District Court denied the petition.[1]

## II.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a).[2] A certificate of appealability is not required to appeal from the denial of Pachtinger's § 2241 petition. *See Burkey v. Marberry,* 556 F.3d 142, 146 (3d Cir.2009). We exercise plenary review over the District Court's legal conclusions, and review its factual findings for clear error. *See Ruggiano v. Reish,* 307 F.3d 121, 126 (3d Cir.2002).

## III.

■ The due process rights of an inmate facing loss of GCT are limited to: 1) an impartial decision-making body; 2) twenty-four hour advance notice of the charges; 3) an opportunity to call witnesses and present documentary evidence; 4) assistance from a representative; and 5) a written decision explaining the evidence relied upon. *See Wolff v. McDonnell,* 418 U.S. 539, 563–71, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Pachtinger appears to primarily challenge the third area delineated by *Wolff*—he argues that he was denied the right to present a witness (his cellmate) and was denied certain evidence. We agree with the District Court that Pachtinger's due process rights were not affected by these alleged deficiencies. Pachtinger's cellmate would have testified that they were not engaged in a sexual act; however, Pachtinger was not found to have engaged in a sexual act; rather, he was found to have engaged in activity that could have been perceived as a sexual act and which was disruptive to the orderly

1. Pachtinger also filed a motion for reconsideration in the District Court, which was denied. Pachtinger has not, as of this date, filed a notice of appeal or amended notice of appeal from that denial—it is thus not before us at this time.

2. Because Pachtinger filed a timely motion for reconsideration in the District Court, this Court did not have jurisdiction to consider this appeal until the District Court entered its ruling denying the motion on July 21, 2009, 2009 WL 2169213. *See* Fed. R.App. P. 4(a)(4)(B)(i); *Katerinos v. U.S. Dept. of Treasury,* 368 F.3d 733, 737 (7th Cir.2004).

running of the institution. Thus, Pachtinger was not prejudiced by the absence of his cellmate's testimony.

 Pachtinger also alleges he should have been provided with surveillance video to support his defense. However, the institution informed Pachtinger that there was no video footage of what occurred in his cell. Pachtinger argues that video footage of the hallway could have shown the activities of Officer Seigerman and Officer Liptock outside his cell, but it does not appear that there was any question that each officer came to his cell at or shortly after the incident. Pachtinger was thus not prejudiced by failing to obtain video footage. We further agree with the District Court that Pachtinger's failure to receive Officer Seigerman's incident report during administrative proceedings was not prejudicial, as the report did not differ substantially from the incident report that Pachtinger did receive. Thus, the District Court was correct in finding that Pachtinger's due process claim is without merit.

 We also reject Pachtinger's claim concerning the sufficiency of the evidence. A prison disciplinary determination comports with due process if it is based on "some evidence." *See Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. *See id.* at 455, 105 S.Ct. 2768; *Thompson v. Owens,* 889 F.2d 500, 501–02 (3d Cir.1989). The District Court pointed to several pieces of evidence that support the DHO's decision, including the allegations in the incident report and Pachtinger's own incriminating statement that his cellmate "was under the sheet, although not in the way the reporting officer noted." Dist. Ct. Op. at 16–17. These findings of fact are not "clearly erroneous," and we find no flaws in the District Court's application of the law with regard to this claim. We thus agree with the District Court that there was "some evidence" of Pachtinger's violation of BOP Code 299, and therefore no violation of his due process rights.

Finally, we turn to Pachtinger's retaliation claim. Such a claim is proper in the habeas context if, for example, a petitioner's success will necessarily imply the invalidity of his deprivation of GCT. *See Wilkinson v. Dotson,* 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Queen v. Miner,* 530 F.3d 253, 255 n. 2 (3d Cir. 2008). This is so in the instant case. As to the merits of the claim, because we agree with the District Court that sufficient evidence supported the DHO's disciplinary determination, Pachtinger's retaliation claim must fail. *See Carter v. McGrady,* 292 F.3d 152, 159 (3d Cir.2002); *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir.1994) (stating that when "some evidence" supports disciplinary determination, that finding "checkmates" prisoner's retaliation claim).[3]

---

**3.** We further note that Pachtinger did not establish any causal link between the incident report (filed by Officer Seigerman) and his earlier complaint against Officer Liptock. Although Officer Liptock is apparently the officer that ordered Pachtinger and his cellmate to proceed to the Lieutenant's office following the incident, Pachtinger submitted no evidence that would suggest that his complaint against Officer Liptock was a substantial or motivating factor in Liptock's decision to follow through on Officer Seigerman's report of Pachtinger's misconduct. *See Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001) (prisoner's burden to show that his exercise of constitutional right was a substantial or motivating factor in the challenged decision).

Accordingly, we will summarily affirm the District Court's order.[4]

---

**4.** Pachtinger's motion to expedite is granted.