DLD-354                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1995
_____

THURMAN MEARIN,

Appellant

v.

MAJOR THOMAS DOHMAN; LIEUTENANT JOHN MOYER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:06-cv-04859)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed :  August 6, 2013)
_____

OPINION
_____

PER CURIAM

　　　Pennsylvania state prisoner Thurman Mearin, proceeding pro se, appeals from the

District Court's order granting summary judgment in favor of the remaining defendants

in this civil rights action brought pursuant to 42 U.S.C. § 1983. For the reasons that follow, we will summarily affirm.

## I.

Because we write primarily for the parties, we discuss the background of this case only briefly. At all times relevant to this case, Mearin was incarcerated at the State Correctional Institution at Graterford ("Graterford"). In 2004, a prison misconduct report was issued against him, charging him with possession of a controlled substance, possession of contraband, and lying to a prison employee. These charges stemmed from Graterford's interception of a package addressed to Mearin that contained a substance suspected to be heroin. At the misconduct hearing, Mearin was found guilty of all of the charges and ordered to serve 270 days in the restricted housing unit ("RHU"). It appears that, after spending 103 days in the RHU, Mearin was transferred to his current place of confinement — the State Correctional Institution at Greene.

In 2006, Mearin initiated this action by filing a pro se complaint in the District Court against three Graterford officials — Captain Thomas Dohman (who later was promoted to Major), Hearing Examiner Mary Canino, and an "Unknown Lieutenant." After Mearin amended his complaint on two occasions, Dohman and Canino moved to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted that motion in part and denied it in part, dismissing all of Mearin's claims except his retaliation claims against Dohman and the "Unknown Lieutenant."

Thereafter, Mearin, who was now represented by counsel, obtained the District Court's permission to file a third amended complaint. That new pleading, filed in 2011, identified Lieutenant John Moyer as the "Unknown Lieutenant" and clarified the surviving retaliation claims. Specifically, Mearin alleged that Dohman and Moyer (hereinafter collectively referred to as "Defendants"), who together had questioned Mearin about the suspicious package shortly before the misconduct charges were filed, had falsified those charges in retaliation for (1) his denying knowledge of any heroin being sent to him, and (2) his refusal to cooperate with an investigation of certain Graterford correctional officers who were suspected of bringing contraband into the prison.

Defendants subsequently moved for summary judgment. In opposing that motion, Mearin argued that spoliation sanctions should be imposed against them because the Pennsylvania State Police, to whom the aforementioned package had been turned over in 2004, had destroyed that package in 2007. In March 2013, the District Court granted the motion for summary judgment, concluding that spoliation sanctions were not appropriate because Defendants were not at fault for the package's destruction. Mearin now challenges that judgment.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review de novo district court orders granting or denying summary judgment, applying the same

test required of the district court and viewing inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party." Schmidt v. Creedon, 639 F.3d 587, 594-95 (3d Cir. 2011) (quotation marks and citations omitted). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where, as here, the non-moving party requested spoliation of evidence sanctions in opposing that motion, we review the District Court's denial of that request for abuse of discretion. See Hechinger Inv. Co. of Del., Inc. v. Universal Forest Prods., Inc. (In re Hechinger Inv. Co. of Del., Inc.), 489 F.3d 568, 574 (3d Cir. 2007). We may affirm the District Court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

For substantially the reasons provided by the District Court, we cannot conclude that it abused its discretion in rejecting Mearin's spoliation argument. As for Mearin's challenge to the District Court's award of summary judgment, we consider that issue below.

A prisoner asserting a retaliation claim must establish the following: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some adverse action at the hands of the prison officials . . . sufficient to deter a person of ordinary firmness from exercising his constitutional rights"; and (3) there is a "causal link between the exercise of his constitutional rights and the adverse action taken

---

[1] Mearin does not challenge any of the District Court's earlier rulings in this case.

against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (internal quotation marks and citation omitted). "[O]nce a prisoner demonstrates that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Id. at 334.

Assuming for the sake of argument that Mearin made a prima facie showing of retaliation, we agree with the District Court that Defendants were nevertheless entitled to summary judgment. Defendants met their burden of showing, as a matter of law, that even in the absence of Mearin's allegedly protected conduct, they would have brought the misconduct charges against him for reasons reasonably related to a legitimate penological interest. The evidence of Mearin's guilt as to the misconduct charges, which is set forth in the District Court's decision, may have been, by itself, sufficient to meet that burden. See Carter v. McGrady, 292 F.3d 152, 159 (3d Cir. 2002) ("Given the quantum of evidence of Carter's misconduct, we cannot say that the prison officials' decision to discipline Carter for his violations of prison policy was not within the 'broad discretion' that we must afford them."); see also Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (concluding that, because the finding of guilt in the prisoner's disciplinary hearing was based on "some evidence," that finding "essentially checkmates his retaliation

claim").[2] Even if it was not, that evidence, when coupled with Moyer's deposition testimony, *was* sufficient. Moyer, who filled out the misconduct charges form filed against Mearin, indicated in his deposition that, even if Mearin had cooperated with the aforementioned investigation, Mearin still would have been charged. (See Moyer Dep. 49.) Mearin has not identified any record evidence to the contrary. Although Dohman testified at his deposition that, if Mearin would have cooperated, "I'm sure there would have been some type of a deal that was available," (Dohman Dep. 119), Dohman clarified that such a deal could have been made only by his and Moyer's superiors and would not have been factored in at the charging level, (see id. at 121-23). Mearin has not cited any record evidence raising a genuine issue of material fact on this point, and our review reveals none.

In light of the above, and because this appeal does not present a substantial

---

[2] In Mearin's counseled brief in opposition to Defendants' summary judgment motion, he conceded that a finding of guilt supported by "some evidence" was typically sufficient to meet a defendant's burden as to a retaliation claim, but argued that this general rule did not apply to his case because the misconduct charges against him had been fabricated. In support of this contention, he relied on (1) his request for an adverse inference against Defendants based on their alleged spoliation of evidence, and (2) his early release from the RHU. But the District Court rejected that spoliation request (and, as explained above, did not abuse its discretion in doing so), and the reduction of Mearin's *penalty* does not call into question the underlying charges, which were sustained at the hearing. Accordingly, Mearin's allegation that the charges were fabricated is unsupported and, thus, does not warrant disturbing the District Court's judgment. See Quiroga v. Hasbro, Inc., 934 F.2d 497, 500 (3d Cir. 1991) (noting that a party opposing summary judgment may not rest on mere allegations).

question,[3] we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. I.O.P.

10.6.

---

[3] We have considered Mearin's arguments in support of his appeal and find them to be without merit.