**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1006
_____

JOSE M. FELICIANO,
                              Appellant

v.

THOMAS DOHMAN, Major; WILLIAM F. RADLE, Lieutenant;
SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
LORENZO, Deputy, in Defendants Individual and Official Capacities;
SGT. CURAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-04713)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 1, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jose M. Feliciano ("Feliciano"), an inmate at SCI-Dallas, appeals the District Court's judgment in favor of defendants on all of Feliciano's claims. For the reasons discussed below, we will affirm.

Feliciano brought a civil rights complaint in the District Court against numerous correctional officials at SCI-Graterford, where Feliciano was previously incarcerated, for constitutional violations under the First, Fifth, and Eighth Amendments. In particular, Feliciano raised a First Amendment claim of denial of access to the courts, a First Amendment retaliation claim, a Fifth Amendment retaliation claim, and an Eighth Amendment claim.

The key allegations were that the defendants retaliated against Feliciano for filing a sexual harassment complaint against a prison-school counselor, Theresa Snyder; and then further retaliated against him for refusing to cooperate in an investigation. In particular, Defendant Officers Dohman and Radle brought Feliciano in for questioning, and confronted him with the accusations that he was fraternizing with Corrections Officer Ballard, and that Ballard was bringing drugs into the prison that Feliciano would then deal to other inmates. According to Feliciano, Dohman and Radle told him that he would be transferred far away from his family if he did not confirm their suspicions about Ballard. And after Feliciano refused to cooperate, he was indeed placed into administrative custody and eventually transferred to SCI-Greene.

2

After the defendants moved to dismiss the complaint for the failure to state a claim, the District Court dismissed Feliciano's access-to-the-courts claim, plus the claims against the defendants in their official capacities, but allowed the other claims to proceed through discovery. After the defendants moved for summary judgment, the District Court held that Feliciano's remaining claims were time-barred, and that even if Feliciano had filed his lawsuit on time, his claims failed on the merits. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). We may affirm on any basis that the record supports. See Fairview Twp. v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

Feliciano's notice of appeal refers to the District Court's dismissal, following the defendants' Federal Rule of Civil Procedure 12(b)(6) motion, of Feliciano's claim of the denial of access to the courts. However, Feliciano has not set out any argument

concerning that claim in his brief on appeal and has thus forfeited that point on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005). In any event, we agree with the District Court that Feliciano did not successfully plead all of the elements of such a claim because he failed to allege that he suffered an "actual injury"—such as the loss of an opportunity to file a particular nonfrivolous claim—as a result of the alleged disruption of his legal materials. See Lewis v. Casey, 518 U.S. 343, 355 (1996); Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997).

Turning to the District Court's summary judgment ruling, we agree that Feliciano's claims fail as a matter of law. First, we consider Feliciano's retaliation claims brought under the First and Fifth Amendments. To sustain a retaliation claim, an inmate must demonstrate that: (1) he engaged in constitutionally protected conduct; (2) he suffered adverse action; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse response. See Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002); Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). If the prisoner makes a prima facie showing that his constitutionally protected conduct was a motivating factor in the decision to discipline, the defendant then has the burden of showing that the same disciplinary action would have been taken even in the absence of the protected activity. See Rauser, 241 F.3d at 334.

The undisputed record shows that there is no genuine issue of material fact that the defendants would have taken the same actions regardless of any protected activity on Feliciano's part. It is true that the record shows that Feliciano filed a grievance against

4

Theresa Snyder, that he later refused to cooperate in the investigation against Officer Ballard, and that he was thereafter placed into administrative custody and transferred to another facility. The defendants, however, have offered unrebutted evidence to show that Feliciano would still have suffered that purported adverse action regardless of whether he engaged in constitutionally protected activity. See id.

In particular, the record shows that the investigation into the relationship between Ballard and Feliciano began long before Feliciano raised his sexual-harassment allegations in November 2008, and long before Feliciano was interrogated in December 2008. The facts concerning the relationship that prison officials discovered, via both confidential tips and surveillance, were alone sufficient to justify placement in administrative custody pending transfer and the eventual transfer to SCI-Greene in support of the legitimate penological interest of prison security. See, e.g., Carter, 292 F.3d at 159 (affirming summary judgment in favor of defendants on a retaliation claim when "the quantum of evidence" concerning the prisoner's misconduct showed that he would face disciplinary action regardless of his protected activity); cf. also Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (concluding that because the finding of guilt in the inmate's disciplinary hearing was based on "some evidence," that finding "essentially checkmates his retaliation claim"). Given the undisputed summary judgment evidence, a reasonable finder of fact would have to conclude that the defendants would have made the same decision regardless of Feliciano's protected conduct. That forecloses Feliciano's retaliation claims based on the First and Fifth Amendments.

5

That leaves Feliciano's Eighth Amendment claim, which has been difficult to understand throughout the litigation. The District Court dismissed that claim on the merits because Feliciano's deposition testimony described the claim as a supervisory liability claim based on the denial of access to the courts; and on the ground that mere verbal threats, without more, could not underlie an Eighth Amendment claim. On appeal, Feliciano now characterizes this claim as an Eighth Amendment retaliation claim. According to Feliciano, the claim is based on the theory that when Dohman and Radle pressured Feliciano to implicate Officer Ballard, that pressure amounted to cruel and unusual punishment because other inmates might harm Feliciano if they learned that he was a confidential informant.

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The substantial risk of serious harm against which prison officials must protect inmates includes "violence at the hands of other prisoners." Id. at 833. Courts have held that publicly labelling an inmate as a confidential informant could trigger an Eighth Amendment claim. See, e.g., Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992). The record here shows, however, that although Feliciano was asked to implicate Office Ballard, he was not asked to do so publicly and was not otherwise put at risk of identification as an informant. To the extent an inmate might have a constitutionally protected interest in not being labelled as an

6

informant, the record here shows that there is no genuine issue of material fact that Feliciano did not face a substantial risk of being so labelled.  Under these circumstances, the District Court was correct to grant summary judgment in favor of the defendants on Feliciano's Eighth Amendment claim.

Finally, we conclude that the District Court did not abuse its discretion in its rulings on Feliciano's requests to take two depositions.  Neither deposition would have addressed the defendants' evidence concerning whether Feliciano's protected conduct caused the adverse actions that Feliciano endured, or whether the defendants would have taken those actions in the absence of any protected conduct.

Consequently, we will affirm the District Court's judgment.