ALD-291                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1721
_____

THURMAN MEARIN,
                                        Appellant

v.

LOUIS FOLINO, Superintendent; CARLA SWARTZ, Program Review Committee;
GREG JOHNSON, Program Review Committee; KERRI CROSS, Hearing Examiner;
OFFICER HARKLEROAD, C.O.1; LIEUTENANT WILLIAM SHRADER, C.O.3
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-01717)
District Judge: Honorable Nora Barry Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2016

Before: AMBRO, SHWARTZ and NYGARD, Circuit Judges

(Opinion filed: June 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Thurman Mearin appeals from a district court order granting Appellees' motion for summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Mearin is a prisoner, acting pro se, who was formerly incarcerated at SCI – Greene. He filed an action under 42 U.S.C. § 1983, arguing that Appellees retaliated against him in violation of the First and Fourteenth Amendments. Mearin's complaint alleged that Appellees retaliated against him for: (1) filing a grievance against a corrections officer and (2) giving a speech to prisoners about reporting ethnic intimidation. Compl. ¶ 20. Mearin further alleged that the retaliation was manifested by: (1) a threat from corrections officer Harkleroad; (2) the issuance of a misconduct by Harkleroad; (3) a showing of intimidation by corrections officer Shrader; (4) a finding of guilt for "encouraging group activity" by hearing officer Cross; and (5) the upholding of the finding of guilt by program review committee members Swartz and Johnson and Superintendent Folino. Id. at ¶¶ 14-23.

Appellees filed a motion for summary judgment. The Magistrate Judge recommended that summary judgment should be granted to the defendants on all claims. Over Mearin's Objections, the District Court adopted the Report and Recommendation in its entirety and granted summary judgment in favor of the defendants. Mearin now appeals the District Court's order.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We may summarily affirm a district court's order if an appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

This appeal presents no substantial questions. The District Court correctly entered judgment in favor of Appellees on Mearin's First Amendment claims. The elements of a retaliation claim under § 1983 are: (1) engaging in a constitutionally protected activity, (2) suffering, at the hands of a state actor, an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) having the protected activity be a substantial motivating factor in the state actor's decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). The third element, causation, means either: "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007); see Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503-04 (3d Cir. 1997). In the absence of that proof, a plaintiff must show that from the "evidence gleaned from the record as a whole" the trier of fact should infer causation. Farrell v. Planters Lifesavers Co., 206 F.3d 271, 281 (3d Cir. 2000).

The first basis for Mearin's retaliation claims is a grievance that he filed against a corrections officer (who is not a party to this action) for purportedly making a racial

3

threat to another inmate.  Mearin filed that grievance on August 15, 2013, nearly forty days prior to the alleged retaliatory acts of September 24, 2013, and after.  Notably, the alleged retaliatory acts came five days after the second purported basis, discussed below.  The District Court correctly concluded that Mearin failed to advance any evidence that the August 15, 2013 grievance is in any way causally related to the alleged retaliatory acts.  See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) (in parallel Title VII context, noting that "the mere fact that adverse . . . action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events" unless the timing is "unusually suggestive").  In the absence of that, there is nothing in the record as a whole from which the Court can glean such a conclusion.  Summary judgment was, therefore, appropriate on this aspect of Mearin's claims.

Mearin also makes several claims as to alleged retaliation for his speech to fellow inmates.  First, Mearin claims that corrections officer Harkleroad verbally threatened him with death for giving the speech.  In the "Concise Statement of Material Facts" accompanying their Motion for Summary Judgment, Appellees asserted that Harkleroad did not threaten Mearin in any way.  Mearin did not specifically deny this alleged fact in his "Statement of Disputed Factual Issues," and the Magistrate Judge deemed the fact admitted pursuant to local court rules.  This was an acceptable action.  Mearin is a talented pro se litigant who has made many filings of skill.  Even with the leniency due

4

pro se litigants, Mearin could expect to be held to the local rules surrounding summary judgment motion practice. In his argument, Mearin claims the District Court ignored his other filings and committed error because Mearin had (a) generally disputed all factual issues, (b) was not informed by the court of the local rules, and (c) should have received more liberal construction of his pleadings. None of these contentions is persuasive here.

Second, Mearin claims that corrections officer Harkleroad fabricated the misconduct that was issued related to his speech to inmates. Our standard of review regarding disciplinary board decisions is highly deferential: "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). Here, there was sworn testimony of a witness, Mr. Anderson, that during the inmate speech Mearin stated "[w]e need to stand up to these crackers," referring to the SCI-Greene staff. See Case No. 14-cv-01717, Docket No. 40-1, pp. 37-38. Moreover, Mearin admitted, in written hearing documents, to advising others to "expose the cracker mind set" in the prison employees. Id. at p. 35. This constitutes at least some evidence that Mearin was guilty of "encouraging an unauthorized group activity" in the prison context. Id.; see also Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994) (concluding that because the finding of guilt in the inmate's disciplinary hearing was based on "some evidence," that finding "essentially checkmates his retaliation claim"). Given the undisputed summary judgment evidence, a reasonable finder of fact would have to conclude that the defendants would have made the same decision out of legitimate penological interests

5

regardless of Mearin's protected conduct.  See Rauser, 241 F.3d at 334; Carter v. McGrady, 292 F.3d 152, 154 (3d Cir. 2002). That forecloses Mearin's retaliation claim based on the misconduct.

As to corrections officer Shrader, the Magistrate Judge correctly identified that Mearin's only allegation is that he stood by and smiled while Harkleroad threatened Mearin.  The effect of the alleged conduct on the employee's freedom of speech "need not be great in order to be actionable," but it must be more than de minimis.  Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000).  We agree with the District Court that this alleged act cannot constitute an adverse action necessary to support a retaliation claim as it is insufficient to deter a person of ordinary firmness from exercising his rights.

Cross is named in the complaint based solely on her role as the hearing officer who found Mearin guilty of the misconduct, but there is no allegation of retaliation made against her in regard to that decision.  The District Court thus acted properly in granting summary judgment on the claim related to her.  Finally, remaining are program review committee members Swartz and Johnson and Superintendent Folino, defendants in this action by virtue of having upheld the misconduct.  Mearin argues that these individuals should have come to his aid and resolved the misconduct in his favor, but, as the District Court correctly held, he advances no evidence of record to support a claim of retaliation on the part of these Appellees.  Accordingly, summary judgment was appropriate.

III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the defendants summary judgment on Mearin's complaint.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.