MARTIN, Circuit Judge, concurring:
 

 I concur entirely in the well-reasoned opinion of the majority. Mr. Sears's sworn allegations directly contradict the prison officials' version of the incident. Our legal system tasks juries with arriving at the truth from among conflicting accounts. Cases brought by inmates are no exception.
 

 Our Circuit departed from this allocation of factfinding responsibilities in
 
 O'Bryant v. Finch
 
 ,
 
 637 F.3d 1207
 
 (11th Cir. 2011) (per curiam), and it was
 
 O'Bryant
 
 that led the District Court to deny Mr. Sears a trial.
 
 O'Bryant
 
 held that no inmate can state a First Amendment retaliation claim based on a disciplinary report if that inmate is found guilty of the infraction after a hearing that satisfies due process.
 

 Id.
 

 at 1215-16
 
 . The majority here rightly holds
 
 O'Bryant
 
 does not control the outcome for Mr. Sears. Maj. Op. 1203, 1206-08. I write separately now to point out the flaws in the reasoning of
 
 O'Bryant
 
 and in hopes that this Court will correct them in an appropriate case.
 

 O'Bryant
 
 was wrong to hold that being found guilty of an infraction necessarily precludes a First Amendment retaliation claim. To state a retaliation claim, an inmate must show he (1) engaged in First Amendment protected conduct and (2) suffered an adverse action that would deter a person of ordinary firmness from exercising his First Amendment rights (3) because he engaged in protected conduct.
 
 Smith v. Mosley
 
 ,
 
 532 F.3d 1270
 
 , 1276 (11th Cir. 2008). First Amendment retaliation claims turn on whether a prison official took retaliatory action against an inmate
 
 because
 
 the inmate exercised his First Amendment rights.
 
 See
 

 id.
 
 at 1212. In other words, the question of whether retaliation occurred looks to
 
 why
 
 officials took the action they did, not whether they had a factual basis for doing so.
 

 That there is a factual basis for an inmate to be charged with an infraction does not negate the possibility of a retaliatory motive in bringing those charges. It plainly can be true both that an inmate violated a prison disciplinary rule
 
 and
 
 that a prison official disciplined the inmate because the inmate engaged in First Amendment-protected conduct.
 
 O'Bryant
 
 's ruling that guilt of an infraction precludes a retaliation claim overlooks the point that prison officials might impose discipline in order to retaliate. In missing this point,
 
 O'Bryant
 
 undermines the very purpose of retaliation claims: to ensure that prison officials do not chill inmates in the exercise of their First Amendment rights.
 

 O'Bryant
 
 's error took root when it transplanted due process principles to the First Amendment's altogether different soil.
 
 O'Bryant
 
 read two Supreme Court cases,
 
 Wolff v. McDonnell
 
 ,
 
 418 U.S. 539
 
 ,
 
 94 S.Ct. 2963
 
 ,
 
 41 L.Ed.2d 935
 
 (1974), and
 
 Superintendent v. Hill
 
 ,
 
 472 U.S. 445
 
 ,
 
 105 S.Ct. 2768
 
 ,
 
 86 L.Ed.2d 356
 
 (1985), as precluding retaliation claims based on disciplinary charges.
 
 O'Bryant
 
 ,
 
 637 F.3d at 1213-15
 
 . But neither
 
 Wolff
 
 nor
 
 Hill
 
 had anything to do with the First Amendment. Instead, they addressed the procedures prisons must afford inmates in order to satisfy the due process clause.
 
 See
 

 Wolff
 
 ,
 
 418 U.S. at 555-72
 
 ,
 
 94 S.Ct. at
 
 2974-82 ;
 
 Hill
 
 ,
 
 472 U.S. at 454-57
 
 ,
 
 105 S.Ct. at 2773-75
 
 . But, again, prison officials can comply with due process-even by providing a hearing with the most intricate of procedures-and still have initiated disciplinary proceedings for the purpose of retaliation. Neither a finding that due process was accorded nor a finding that the disciplinary infraction happened should dispose of an inquiry into why officials took the action they did.
 

 O'Bryant
 
 's holding also puts us on the short side of a circuit split. The Third, Fifth, Sixth, Seventh, and Ninth Circuits have all taken a view contrary to ours.
 
 Maben v. Thelen
 
 ,
 
 887 F.3d 252
 
 , 261-63 (6th Cir. 2018) ;
 
 Watson v. Rozum
 
 ,
 
 834 F.3d 417
 
 , 426 (3d Cir. 2016) ;
 
 Bruce v. Ylst
 
 ,
 
 351 F.3d 1283
 
 , 1289 (9th Cir. 2003) ;
 
 Woods v. Smith
 
 ,
 
 60 F.3d 1161
 
 , 1166 (5th Cir. 1995) ;
 
 Cain v. Lane
 
 ,
 
 857 F.2d 1139
 
 , 1145 (7th Cir. 1988).
 
 But see
 

 Requena v. Roberts
 
 ,
 
 893 F.3d 1195
 
 , 1211 (10th Cir. 2018) ;
 
 Henderson v. Baird
 
 ,
 
 29 F.3d 464
 
 , 469 (8th Cir. 1994). To my mind, they have the better of the argument.
 

 Under our Circuit rules, no panel may overrule
 
 O'Bryant
 
 .
 
 See
 

 United States v. Archer
 
 ,
 
 531 F.3d 1347
 
 , 1352 (11th Cir. 2008) (acknowledging that, under our Court's prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting
 
 en banc
 
 "). Here, the panel has determined that the rule from
 
 O'Bryant
 
 does not apply in any event. Nevertheless, when the appropriate case presents itself, I believe the holding in
 
 O'Bryant
 
 merits the attention of the whole Court.